IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT WILLIAM CLEWIS,

        Petitioner,        Civil No. 06-971-TC

        v.        FINDINGS AND RECOMMENDATION

CHARLES DANIELS,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner was convicted in the United States District Court for the Western District of Washington. Petitioner filed a Petition under 28 U.S.C. § 2241 allegedly challenging his sentence on the grounds that certain items seized from him at the time of his arrest have not been returned to him. Petitioner argues that these circumstances constitute a violation of his right to be free from double jeopardy.

1 - FINDINGS AND RECOMMENDATION

This court must make the threshold determination whether the petition has properly been filed under § 2241. If the answer is affirmative, then the determination must be made as to whether the petition should be transferred to the Western District of Washington. See, Conley v. Crabtree, 14 F.Supp. 2nd 1203, 1206, (D. Or. 1998).

Petitioner's claim is arguably directed at the legality of his sentence.

Generally, motions to contest the legality of a sentence must be filed under 28 U.S.C. § 2255 in the sentencing court. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). However, under the savings clause of § 2255, a federal prisoner may file a habeas corpus petition under 28 U.S.C. § 2241 to contest the legality of his conviction or sentence if his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." Id.; Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), cert. denied, 120 S.Ct. 1214 (2000).

The § 2241 remedy is not available under the inadequate-or-ineffective-remedy escape hatch of §2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255. Lorentsen, 223 F.3d at 953 (citing Moore v. Reno, 185 F.3d 1054). Nonetheless, several courts have recognized that a § 2255

2 - FINDINGS AND RECOMMENDATION

motion may be "inadequate or ineffective" where permission to file a successive motion is denied, holding that in limited circumstances resort to § 2241 is allowable. See, e.g., Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); In re Davenport, 147 F.3d 605 (7th Cir. 1998), Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3rd Cir. 1997).

For the reasons set forth below it is not necessary to perform the second or successive petition analysis or determine whether petitioner has had an "unobstructed procedural shot" at establishing his "actual innocence." Lorensten, supra at p. 954.

Petitioner's claim is based on the allegation that Bremerton, Washington Police Department Drug Task Force (BPDDTF) seized items of his personal property and subsequently improperly disposed of, or failed to return such property. Petitioner does not contest that some of the items seized were properly forfeited pursuant to a plea agreement and those items are not at issue here.

Petitioner argues that the failure to return his property constitutes punishment in violation of the Double Jeopardy Clause.

I find that petitioner's claim is not properly directed at the legality of his sentence. The alleged disposal of non-

3 - FINDINGS AND RECOMMENDATION

forfeited property by a separate entity is not part of the sentence imposed by the federal conviction. Petitioner's "symbiotic relationship" argument is not persuasive.

I find that petitioner's claim in this proceeding is not directed at the legality of his conviction or sentence and is not a claim cognizable under 28 U.S.C. § 2255 or § 2241.

The Petition (#1) should be denied. This proceeding should be dismissed without prejudice to pursue any remedy petitioner might have against the individuals or entity that allegedly improperly disposed of his property.

DATED this 4+ day of August, 2006

_____
Thomas M. Coffin
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION